UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 6:07-cr-107-Orl-28GJK

ELIAS MALDONADO

## ORDER

Defendant Elias Maldonado was a leader of a vast operation that imported kilo amounts of cocaine hydrochloride from Puerto Rico to Florida for further distribution throughout the United States. Maldonado and his subordinates recruited others residing in Florida to receive packages of cocaine shipped from Puerto Rico. The organization was a pyramid—those receiving cocaine earned money each time a package containing cocaine was delivered to them from Puerto Rico, but they could also make a lesser amount each time a person they recruited received a package. Maldonado and other ranking members of the organization would then collect the cocaine from the recipients for redistribution and sale. In the end, there were more than thirty individuals involved in the conspiracy.

Law enforcement officers discovered the operation and arrested many of the participants, including Maldonado. Eventually, Maldonado entered a plea of guilty to Conspiracy to Possess With Intent to Distribute 5 Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(ii). In March 2008, the Court sentenced

Maldonado to 272 months in prison. (Judmgent, Doc. 1011). Maldonado then filed a *pro se* motion to reduce his sentence (Doc. 1495) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. The Government opposes the relief sought, arguing that Maldonado is ineligible for a reduction in sentence because the sentence was not based on a range later lowered by Amendment 782. (Doc. 1632).[1] After considering the parties' arguments, I conclude that the Government is correct, and Maldonado's motions must be denied.

In preparation for sentencing, the Probation Office prepared a Presentence Report, including a calculation of Maldonado's guideline score. The Probation Office correctly determined that Maldonado's Total Offense Level was 39 and that Maldonado fell into Criminal History Category III, but the report incorrectly stated that the recommended Guidelines imprisonment range corresponding to that Total Offense Level and Criminal History Category was 262–327 months. The range of 262–327 months would have been correct if Maldonado's Total Offense Level was 37, but as noted, his Total Offense Level was 39 rather than 37. The guideline imprisonment range for a defendant with a Total Offense Level of 39 falling within Criminal History Category III was 324–405 months, and this is the guideline range that should have been reported by the Probation Office. The prosecutor, the probation officer, and I all failed to discover the error, and Maldonado was the beneficiary of that oversight, receiving a sentence of 272 months based on the reported range of 262–327 months. He now requests a reduction of two offense levels under Amendment 782.

---

[1] The probation office submitted a memorandum (Doc. 1544) regarding Maldonado's eligibility for a reduction. Maldonado filed a memorandum (Doc. 1629) in support of his motion, and the Government then filed its Response (Doc. 1632) in Opposition to Maldonado's motion. Maldonado filed a reply (Doc. 1637) after being provided with the probation office's memorandum. (See Order, Doc. 1634).

By enacting 18 U.S.C. § 3582(c)(2), Congress created a narrow exception to the rule that final judgments may not be modified. Section 3582(c)(2) grants the district court jurisdiction to reduce a sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" a retroactive amendment issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2); see also United States v. Jones, 548 F.3d 1366, 1368-69 (11th Cir. 2008). In other words, a district court may reduce a sentence when a retroactive amendment lowers the guideline range that applied at sentencing. On July 18, 2014, the Sentencing Commission issued Amendment 782, which is to be applied retroactively and which provides a two-level reduction in the base offense level for most drug quantities listed in USSG § 2D1.1(c). Maldonado argues that he should be resentenced using a range of 210 to 262 months—the range that would apply to a defendant with a Total Offense Level of 35 and a Criminal History Category of III.

In considering a motion for reduction of sentence under § 3582(c)(2), "a district court must engage in a two-part analysis." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, "the court must recalculate the sentence under the amended guidelines, . . . using th[e] new base level to determine what ultimate sentence it would have imposed." Id.; accord USSG §1B1.10(b)(1) ("[T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[]. . . had been in effect at the time the defendant was sentenced."). "The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Bravo, 203 F.3d at 780.

Undertaking the first step here, reducing Maldonado's Total Offense Level of 39 by

two levels to 37[2] results in a guidelines sentencing range of 262 to 327 months. This is the same as the range upon which Maldonado's sentence was initially based. Because Maldonado was sentenced under the range that he now scores, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" Amendment 782 as required for relief under § 3582(c)(2). He is therefore not entitled to a sentence reduction.

This result is consistent with the purpose of § 3582(c)(2), which is to give "the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment."[3] United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012). The defendant "is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing.'" Id.

Because Maldonado's guideline range did not change, the Court does not reach the second stage of the analysis described in Bravo. Even if the range had changed, the Court, exercising its discretion "in light of the factors listed in 18 U.S.C. § 3553(a)," Bravo, 203 F.3d at 781, would have retained its original sentence.

Accordingly, Maldonado's Motion for Modification of Term of Imprisonment (Doc.

---

[2] In the Presentence Report, the Probation office correctly determined Maldonado's Base Offense Level to be 38 under the drug quantity table in the 2007 version of USSG § 2D1.1 for 150 kilograms or more of cocaine. It then added 4 levels for role in the offense under USSG § 3B1.1(a); deducted 2 levels for acceptance of responsibility under USSG § 3E1.1(a); and deducted 1 level under § 3E1.1(b), also for acceptance of responsibility. The resulting Total Offense Level was 39. Under Amendment 782, Maldonado's Base Offense Level using the current drug quantity table in USSG § 2D1.1 is 36 instead of 38. With the same four-level addition and the same deductions totaling three levels, Maldonado's new Total Offense Level is 37, and he remains in Criminal History Category III.

[3] Indeed, in one of his filings, Maldonado correctly states that "had the amendment been in effect at the time of sentencing, [his] guideline range would be 262 to 327 months." (Doc. 1629 at 3).

1495) is **DENIED**.

 **DONE** and **ORDERED** in Orlando, Florida, on June  13 , 2016.

               _____
                JOHN ANTOON II
                United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Elias Maldonado