# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                          **CASE NO: 6:07-cr-107-Orl-28GJK**

**ELIAS MALDONADO**

## **ORDER**

Defendant's letter seeking relief from a denial by the Warden for release, construed as a Motion for Compassionate Release (Doc. 1773), is before the Court for consideration. The Government filed a response opposing the requested relief.  (Doc. 1778).  Defendant seeks release due to "debilitated medical conditions." (Doc. 1773).  Because Defendant failed to exhaust his administrative remedies, his motion is due to be denied.

Defendant pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride and in March 2008, he was sentenced to 272 months of imprisonment followed by 5 years of supervised release. (Docs. 659, 661, 1011). Defendant is 47 years old with a projected release date of November 10, 2026.  (Doc. 1778).

The authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c).  *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Although Defendant asserts he has exhausted his administrative remedies and the Government agrees ("the defendant exhausted his administrative remedies" (Doc. 1778 at 10)), the Court disagrees. When Defendant submitted a request for release to the Warden is unclear but on April 27, 2020, the Warden responded to Defendant's request. (Doc. 1773-1). The Warden's response states, *inter alia*:

> In the event you are not satisfied with this response and wish to appeal, you may contact your Unit Team to initiate an appeal in accordance with the Administrative Remedy Program. Please note, this appeal process begins with a BP-9 (Warden level).

There is no evidence Defendant appealed through the Administrative Remedy Program beginning with the Warden. Neither the Government nor Defendant has supplied evidence of an appeal. The Government relies on the Warden's denial of Defendant's request. Defendant's letter, the motion being considered here, states it is a motion to appeal the denial by the Warden. (Doc.1773). The appeal of the Warden's decision is not through the Court; it is through the process provided by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) is clear: this Court can only act on a motion from Defendant when his request to the warden has ***lapsed*** after 30 days ***or*** Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, Defendant's request did not lapse as the warden responded to Defendant's request and Defendant did not appeal the warden's decision through the Administrative Remedy Program. *See United States v. Wojt,* No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020)("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

Given that the Government has agreed Defendant has exhausted his administrative remedies, the Court must consider whether the issue is waived. The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived.  The district courts are split on the issue. Many have concluded it cannot be waived (*United States v. Smith,* No. 8 :17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020)(collecting cases)), while others have concluded it can be waived (*United States v. Smith,* No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2 (S.D.N.Y. April 13, 2020)(collecting cases)). This Court agrees that exceptions cannot be read into statutory exhaustion requirements where Congress has provided otherwise such as set forth in 18 U.S.C. § 3582(c).  *See e.g., Ross v. Blake,* 136 S. Ct. 1850 (2016).   Thus, the Court concludes the exhaustion of administrative remedies in 18 U.S.C. § 3582(c) cannot be waived.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release.  *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020).  ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Defendant's Motion for Compassionate Release (Doc. 1773) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July27th, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Elias Maldonado

4